# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHELBY FITZER, and<br>TERI HUDSON,<br><br>        Plaintiffs,<br><br>vs.<br><br>INDEPENDENT SCHOOL DISTRICT<br>NO. 15 OF McCLAIN COUNTY,<br>OKLAHOMA, a/k/a Purcell Public<br>School District;<br>DR. KATHY ADAMS, Individually;<br>BRET PETTY, Individually;<br>JAY SOLOMON, Individually, and<br>KAISHA MATHIS, Individually,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-15-552-M |

## ORDER

Before the Court is defendants' Motion to Dismiss Certain of Plaintiffs' Claims as Alleged in the Amended Complaint, filed July 21, 2015. On August 11, 2015, plaintiffs filed their response, and on August 18, 2015, defendants filed their reply.

I.     Introduction

Plaintiffs bring this action alleging that defendants failed to take appropriate actions to protect plaintiff Shelby Fitzer ("Fitzer") from harassment and bullying at the hands of her fellow students and wrongfully removed Fitzer from the high school cheer squad. Specifically, plaintiffs allege the following causes of action: (1) intentional infliction of emotional distress (against

defendants Dr. Kathy Adams ("Adams")[1], Bret Petty ("Petty")[2], Jay Solomon ("Solomon")[3], and Kaisha Mathis ("Mathis")[4]; (2) negligent supervision (against Adams, Petty, Solomon, and Mathis); (3) negligence (against defendant Purcell Public School District ("District"), Adams, Petty, Solomon, and Mathis); (4) negligence per se (against the District); (5) due process (against the District); (6) sex-based harassment and violation of Title IX (against the District); and (7) equal protection (against the District). Defendants now move this Court to dismiss Fitzer's causes of action against the District for negligence and negligence per se, to dismiss Fitzer's causes of action against Adams, Petty, Solomon, and Mathis for negligence and negligent supervision, and to dismiss plaintiffs' causes of action for intentional infliction of emotional distress.

## II.    Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

---

[1] Adams is the Superintendent of Purcell Public School District.

[2] Petty is the Principal of Purcell High School.

[3] Solomon is the Assistant Principal of Purcell High School.

[4] Mathis is a special education teacher and cheer coach at Purcell High School.

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.  Discussion

    A.  Negligence and negligence per se causes of action against the District

The District asserts that this Court lacks subject matter jurisdiction to hear the negligence claims against it because the claims are premature under the requirements of the Oklahoma Governmental Tort Claims Act ("GTCA").

Section 157 of the GTCA provides:

> A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period. If the state or a political subdivision approves or denies the claim in ninety (90) days or less, the state or political subdivision shall give

3

> notice within five (5) days of such action to the claimant at the address listed in the claim. If the state or political subdivision fails to give the notice required by this subsection, the period for commencement of an action in subsection B of this section shall not begin until the expiration of the ninety-day period for approval. The claimant and the state or political subdivision may continue attempts to settle a claim, however, settlement negotiations do not extend the date of denial unless agreed to in writing by the claimant and the state or political subdivision.

Okla. Stat. tit. 51, § 157(A). "[C]ompliance with the written notice of claim and denial of claim provisions in §§ 156 and 157 are prerequisites to the state's consent to be sued and to the exercise of judicial power to remedy the alleged tortious wrong by the government". *Shanbour v. Hollingsworth*, 918 P.2d 73, 75 (Okla. 1996) (internal citation omitted).

In their Amended Complaint, plaintiffs allege: "Plaintiffs have met the conditions precedent to filing suit under the Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 156, by submitting written notice of their claims to the clerk of the Purcell Public School District on April 25, 2015." Amended Complaint at ¶ 9. Plaintiffs, however, do not allege compliance with § 157. In their Amended Complaint, there is no allegation that the District denied their claims. Further, based upon the date plaintiffs allege they submitted written notice of their claims, April 25, 2015, plaintiffs' claims would not be deemed denied, pursuant to § 157, until July 24, 2015. Plaintiffs' original complaint was filed May 1, 2015, and plaintiffs' Amended Complaint was filed July 7, 2015, both prior to the date plaintiffs' claims would be deemed denied.

In their response, however, plaintiffs assert that during a meeting between plaintiff Teri Hudson ("Hudson"), plaintiffs' counsel, Adams, and defendants' counsel, the "District unequivocally expressed its denial of any claims by Hudson and Fitzer and directly instructed Plaintiff's counsel to proceed with filing suit." Plaintiffs' Response to Defendants' Motion to

Dismiss Certain of Plaintiffs' Claims as Alleged in the Amended Complaint with Combined Brief in Support at 6 (emphasis deleted). Plaintiffs do not make this allegation in their Amended Complaint, and "[f]actual statements or documents appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the court." LCvR 7.1(j).

Therefore, because plaintiffs do not allege in their Amended Complaint that the District had denied their claims and because plaintiff's Complaint and Amended Complaint were filed prior to the date plaintiffs' claims would be deemed denied pursuant to § 157, the Court finds that plaintiffs' negligence and negligence per se causes of action against the District are premature and should be dismissed.

> B. <u>Negligence and negligent supervision causes of action against Adams, Petty, Solomon, and Mathis</u>

Adams, Petty, Solomon, and Mathis assert that the causes of action for negligence and negligent supervision asserted against them in their individual capacities are precluded by the GTCA. Defendants assert that the sole remedy for a tort committed by a public employee acting within the scope of his or her employment is an action against the state or political subdivision that employed the alleged tortfeasor and that there can be no action against the employee individually. Defendants further assert that all of the allegations against Adams, Petty, Solomon, and Mathis relate to their performance as employees of the District, and to the extent that they breached a duty owed to Fitzer, that duty arose solely because they are employees of the District and the GTCA makes that negligence attributable to the District rather than to Adams, Petty, Solomon, or Mathis.

Plaintiffs assert that Adams, Petty, Solomon, and Mathis have engaged in willful and wanton negligence and negligent supervision, which places them outside the scope of their employment and for which they will not be excused of liability pursuant to the GTCA. Further, plaintiffs assert that

5

Adams, Petty, Solomon, and Mathis each had a duty to Fitzer despite their employment, as they were in a position that it was obvious they were required to use due care.

Having carefully reviewed the Amended Complaint and the parties' submissions, the Court finds that plaintiffs' negligence and negligent supervision causes of action against Adams, Petty, Solomon, and Mathis should be dismissed. Specifically, the Court finds that any duty Adams, Petty, Solomon, or Mathis had to Fitzer arises solely from their duties as employees of the District; outside of the school setting, no special relationship or duty exists between these defendants and Fitzer. *See Cooper v. Millwood Ind. Sch. Dist. No. 37*, 887 P.2d 1370, 1375 (Okla. Civ. App. 1994) (holding that if school bus driver's alleged omissions were found to have been outside scope of employment, negligence claim against him individually would fail because school bus driver had no duty to act in absence of special relationship, which would derive only from school bus driver's duties as bus driver). Therefore, because plaintiffs' negligence causes of action can only be brought based upon these defendants acting within the scope of their employment, and because scope of employment claims against employees are prohibited by § 163(C) of the GTCA, the Court finds that plaintiffs' negligence and negligent supervision causes of action against Adams, Petty, Solomon, and Mathis should be dismissed.

C. Intentional infliction of emotional distress causes of action

Adams, Petty, Solomon, and Mathis assert that the facts alleged in the Amended Complaint fall far short of what is required under Oklahoma law to state a claim for intentional infliction of emotional distress. Under Oklahoma law, to prevail on a claim of intentional infliction of emotional distress, a plaintiff must prove the following: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the

plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Computer Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002).

Having carefully reviewed the Amended Complaint, the Court finds that at this stage of the proceedings, Fitzer has set forth sufficient factual allegations to state a claim for intentional infliction of emotional distress against defendants Adams, Petty, Solomon, and Mathis. Specifically, the Court finds that accepting plaintiffs' allegations that these defendants refused to report or investigate specific, severe incidents of harassment and malicious behavior, which included sexually degrading and personally demeaning attacks, towards Fitzer of which they had actual knowledge and that defendant Mathis participated in the harassment, isolation, and malicious behavior towards Fitzer are true, the Court is able to draw the reasonable inference that defendants Adams, Petty, Solomon, and Mathis are liable for the misconduct alleged. Accordingly, the Court finds that Fitzer's intentional infliction of emotional distress causes of action should not be dismissed.

However, having carefully reviewed the Amended Complaint and the parties' submissions, the Court finds that Hudson has not alleged sufficient factual allegations to state a claim of intentional infliction of emotional distress. Specifically, the Court finds that Hudson has not alleged sufficient conduct by defendants directed at Hudson herself that would rise to the extreme and outrageous level required to state a claim for intentional infliction of emotional distress. Further, Oklahoma law does not recognize a claim by Hudson for emotional distress or pain and suffering stemming from Fitzer's injuries. *See Van Hoy v. Okla. Coca-Cola Bottling Co.*, 235 P.2d 948, 949 (Okla. 1951). Accordingly, the Court finds that Hudson's intentional infliction of emotional distress causes of action should be dismissed.

IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendants' Motion to Dismiss Certain of Plaintiffs' Claims as Alleged in the Amended Complaint [docket no. 19] as follows:

(A) The Court GRANTS the motion to dismiss as to plaintiffs' negligence and negligence per se causes of action against defendant District, plaintiffs' negligence and negligent supervision causes of action against defendants Adams, Petty, Solomon, and Mathis, and plaintiff Hudson's intentional infliction of emotional distress causes of action and DISMISSES the above-referenced causes of action, and

(B) The Court DENIES the motion to dismiss as to plaintiff Fitzer's intentional infliction of emotional distress causes of action.

**IT IS SO ORDERED this 20th day of October, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE